UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
TRUSTEES OF THE LOCAL 713, INTERNATIONAL
BROTHERHOOD OF TRADE UNIONS WELFARE
AND ANNUITY FUNDS, AND LOCAL 713,
INTERNATIONAL
BROTHERHOOD OF TRADE UNIONS,

                            Plaintiffs,
    -against-

HAPPY CHILD TRANSPORTATION, L.L.C.,
RICHARD A. MARZO, Individually AND
JOHN J. MARZO, Individually,

                            Defendants.
------------------------------------------------------------------x

Docket No: 17-CV-3446

**COMPLAINT**

      Plaintiff Trustees of the Local 713, International Brotherhood of Trade Unions Welfare and Annuity Funds (hereinafter "Funds") and the Local 713, International Brotherhood of Trade Unions (hereinafter "Union") by their attorneys Barnes, Iaccarino & Shepherd LLP, allege as follows:

### JURISDICTION AND VENUE

    1.    This action is based on Section 301 of the Labor Management Relations Act of 1947 (hereinafter "Taft-Hartley Act") (29 U.S.C. Section 185) and Sections 502(a)(3) and Section 515 of the Employee Retirement Income Security Act, as amended (hereinafter "ERISA") (29 U.S.C. Sections 1132(a)(3) and 1145).

    2.    Jurisdiction over this action is conferred upon this Court by Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and Sections 502(e)(1) and 502(f) of ERISA (29 U.S.C. Sections 1132(e)(1) and 1132(f)), and derivative jurisdiction is conferred upon this Court by 28 U.S.C. Sections 1331 and 1337.

3. Venue properly lies in this District under Section 502(e)(2) of ERISA (29 U.S.C. Section 1132(e)(2)), Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185), and 28 U.S.C. Section 1391(b).

4. This is an action brought by the respective Trustees of the Funds, in their fiduciary capacity, for monetary damages and injunctive and other equitable relief under ERISA, and for breach of contract to secure performance by an Employer/Corporate Defendant of specific statutory and contractual obligations of Defendant, Happy Child Transportation, L.L.C. (hereinafter "Employer/Corporate Defendant" or "Corporate Defendant") to submit fringe benefit contributions and union dues to the Plaintiffs.

## PARTIES

5. The Plaintiff Trustees are, at all relevant times, fiduciaries of a jointly administered, multi-Employer/Corporate Defendant, labor management, trust funds as defined by Section 3(21)(A) and 502(a)(3) of ERISA (29 U.S.C. Sections 1002(21)(A) and 1132(a)(3)). The Funds are established and maintained by the Union and various Employer/Corporate Defendants, pursuant to the terms of the Collective Bargaining Agreements and Trust Indentures in accordance with Section 302(c)(5)(1) of the Taft-Hartley Act (29 U.S.C. Section 186(c)(5)). The Funds are employee benefit plans within the meaning of Sections 3(1), 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. Sections 1002 3(1), 3(2), 3(3) and 1132(d)(1)), and multi-Employer/Corporate Defendant plans within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. Sections 1002(37) and 1145). Plaintiffs are Trustees of the Funds within the meaning of Section (3)(16)(B)(iii) of ERISA (29 U.S.C. Section 1002(16)(B)(iii)).

6. The Funds provide fringe benefits to eligible employees and their dependents, on whose behalf the Employer/Corporate Defendant is required to contribute to the Funds, pursuant to the Collective Bargaining Agreement (hereinafter "C.B.A.") between the Employer/Corporate

Defendant and the Union, of which the Funds are third-party beneficiaries. The Funds are authorized to collect fringe benefit contributions on behalf of the employees of the Employer/Corporate Defendant, and Plaintiff Trustees, as fiduciaries of the Funds, are authorized to maintain suit as independent legal entities under Section 502(d)(1) of ERISA (29 U.S.C. Section 1132(d)(1)) and are obligated to bring actions to enforce the provisions of the C.B.A. and Trust Indentures that concern employee benefit rights.

7. The Funds' principal office is located and administered at 400 Garden City Plaza, Ste 106, Garden City, NY 11530 in the County of Nassau.

8. The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185), which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. Section 142), Section 3(4) of ERISA (29 U.S.C. Section 1002(4)), and as further defined in Section 12 of the General Associations Law of the State of New York. The Union's principal office is located and administered at 400 Garden City Plaza, Ste 106, Garden City, NY 11530 in the County of Nassau.

9. Upon information and belief, the Corporate Defendant at all relevant times, was and is an employer within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. Sections 1002(5) and 1145), and was and still is an employer in an industry affecting commerce, within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185).

10. Upon information and belief, the Corporate Defendant is a for profit, domestic corporation, duly organized and existing pursuant to the laws of, and doing business in the State of New York with its principal place of business located and administered at 436 Spencer Street, Staten Island, NY 10314 in the County of Richmond.

11. Upon information and belief, Richard A. Marzo, (hereinafter referred to as "Individual Defendant"), is or was a principal owner of the Corporate Defendant and, at all time

relevant herein, maintains an address of 369 Corbin Avenue, Apt I, Staten Island, New York 10308.

12. Upon information and belief, John J. Marzo, (hereinafter referred to as "Individual Defendant"), is or was a principal owner of the Corporate Defendant and, at all time relevant herein, maintains an address of 203 Chelsa Street, Staten Island, New York 10307.

13. Upon information and belief, the Individual Defendants exercised control over the activities and operations of the Corporate Defendant and determined whether or not the Corporate Defendant made contributions to the Funds.

## CAUSES FOR RELIEF
## AS AND FOR A FIRST CLAIM FOR RELIEF

14. The Employer/Corporate Defendant executed a C.B.A. with the Union and/or was and still is a party to a C.B.A. with the Union.

15. The C.B.A. and/or Trust Indentures requires the Employer/Corporate Defendant to submit contribution reports setting forth the hours that each employee has worked and the amount of fringe benefit contributions due pursuant to the rate schedules set forth by the C.B.A., for all work performed by its employees under the C.B.A., and to remit those fringe benefit contributions in accordance with the C.B.A. and the rules and regulations established in the Trust Indentures.

16. Upon information and belief, as a result of the work performed by the individual employees of the Employer/Corporate Defendant pursuant to the C.B.A., there became due and owing to the Funds, from the Employer/Corporate Defendant, fringe benefit contributions.

17. Upon information and belief, the Employer/Corporate Defendant has failed, neglected, and refused to remit to the Funds those fringe benefit contributions due and owing under the terms of the C.B.A. and in accordance with the Trust Indentures in the minimum amount of $178,940 in health and welfare contributions for the period November 2015 to date and $24,215 in annuity fund contributions for the period December 2014 to date.

18. Upon information and belief, the Employer/Corporate Defendant has failed, neglected, and refused to remit dues, deducted from the members' paycheck, to the union under the terms of the C.B.A. in the minimum amount of $27,000 for the period November 2015 to February 2016.

19. Upon information and belief, the Employer/Corporate Defendant's failure, neglect, and refusal to remit the proper contributions and dues to the Plaintiffs constitutes a violation of the C.B.A. between the Employer/Corporate Defendant and the Union, wherein the Funds are third-party beneficiaries.

20. Pursuant to the Trust documents, upon the Employer/Corporate Defendant's failure to pay fringe benefit contributions as they become due and owing to the Plaintiffs, the Employer/Corporate Defendant is obliged to the pay interest, liquidated damages, attorney fees at the hourly rate charged to the Funds for services; and all court costs and disbursements incurred in initiating the collection of delinquent contributions and any action therefor.

21. Accordingly, the Employer/Corporate Defendant is liable to Plaintiffs for contribution reports and fringe benefit contributions in the minimum amount of $203,155 for unpaid contributions; $27,000 in union dues plus liquidated damages, interest, attorney fees and court costs and disbursements.

## AS AND FOR A SECOND CLAIM FOR RELIEF

22. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs "1" through "21" of this Complaint as if fully set forth herein.

23. Section 515 of ERISA (29 U.S.C. Section 1145) requires the Employer/Corporate Defendants to pay fringe benefit contributions in accordance with Collective Bargaining Agreements and Trust Indentures.

24. The Employer/Corporate Defendant has failed to pay or timely pay fringe benefit contributions to Plaintiffs, owed as a result of the work performed by the employees of the Employer/Corporate Defendant under the C.B.A. This constitutes a violation of Section 515 of ERISA (29 U.S.C. Section 1145).

25. Section 502 of ERISA (29 U.S.C. Section 1132) provides that, upon an Employer/Corporate Defendant violation of Section 515 of ERISA (29 U.S.C. 1145), which requires Employer/Corporate Defendants to pay fringe benefit contributions in accordance with collective bargaining agreements and trust indentures, a court must award payment to a fund of the unpaid fringe benefit contributions, plus statutory damages and interest on the unpaid principal, both computed at a rate set forth in the United States Internal Revenue Code (26 U.S.C. Section 6621), together with reasonable attorney fees, and costs and disbursements.

26. The Employer/Corporate Defendant's failure to pay has injured the Funds by delaying the investment of fringe benefit contributions and causing unnecessary administrative costs for the Funds and has injured the participants and beneficiaries and other contributing Employer/Corporate Defendants of the benefit plan in the form of lower benefits and higher contribution amounts.

27. Accordingly, the Employer/Corporate Defendant is liable to Plaintiffs under the C.B.A. and any Trust Indenture concerning the payment of fringe benefit contributions and under Sections 502 and 515 of ERISA (29 U.S.C. Sections 1132 and 1145) due to the failure to pay contributions when they are due.

28. Accordingly, the Employer/Corporate Defendant is liable to the Funds in the minimum amount of $203,155 in fringe benefit contributions, plus liquidated damages, interest, reasonable accountant fees, attorney fees and court costs and disbursements, pursuant to Section 502 of ERISA (29 U.S.C. Section 1132).

## AS AND FOR A THIRD CLAIM FOR RELIEF

29. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs "1" through "28" of this Complaint as if fully set forth herein.

30. Pursuant to ERISA, the Collective Bargaining Agreement and/or Trust Indenture, the Employer/Corporate Defendant is required to timely submit fringe benefit contributions and contribution reports to Plaintiffs.

31. Upon information and belief, the Employer/Corporate Defendant has in the past failed to timely submit current fringe benefit contributions and contribution reports to Plaintiffs, and is in breach of the statutory obligations under ERISA, the Collective Bargaining Agreement, and Trust Indenture.

32. During the course of this action, additional fringe benefit contributions and/or delinquency charges may become due and owing. If the Defendant fails to pay these additional fringe benefit contributions and/or delinquency charges, those additional amounts must be included, plus interest and liquidated damages, as part of this action, at the time of trial or judgment, whichever is later.

## AS AND FOR A FOURTH CLAIM FOR RELIEF

33. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs "1" through "32" of this Complaint as if fully set forth herein.

34. The financial integrity of the Funds and the allocation of proper eligibility and credit to the members are determined and based upon prompt and accurate remittance of contribution reports and fringe benefit contributions from the Employer/Corporate Defendant.

35. Plaintiffs have no adequate remedy at law to ensure that the Employer/Corporate Defendant will adhere to its continuing statutory and contractual obligations.

36. The failure of the Employer/Corporate Defendant to promptly remit payment to the Funds will cause the Funds immediate and irreparable injury unless the Employer/Corporate Defendant and its officers, agents, and servants are enjoined from failing, neglecting, and/or refusing to submit the required fringe benefit contributions and contribution reports to Plaintiffs.

37. By reason of the foregoing, Plaintiffs are entitled to a permanent injunction enjoining the Employer/Corporate Defendant from any further or future violations of this or subsequent collective bargaining agreements with the Union, as such agreements apply to the obligations of the Employer/Corporate Defendant to Plaintiffs herein.

### AS AND FOR A FIFTH CLAIM FOR RELIEF AGAINST INDIVIDUAL DEFENDANTS

38. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs "1" through "37" of this Complaint as if fully set forth herein.

39. ERISA Section 404(a) provides that fiduciaries must discharge their duties with respect to an ERISA covered plan "solely in the interest of the participants and beneficiaries" and "for the exclusive purpose of providing benefits" and "defraying reasonable administrative expenses" 29 U.S.C. Section1104 (a)(1)(A).

40. ERISA Section 404(a) also provides that fiduciaries must discharge their duties "in accordance with the documents and instruments governing the plan insofar as such documents and instruments" are consistent with federal law, 29 U.S.C. Section 1104(a)(1)(D).

41. As a result of the work performed by the Corporate and Individual Defendants under the Agreement, the Corporate and Individual Defendants, upon information and belief, received substantial sums of money related to the work performed, which intended to pay, among other things, the wages and benefits of employees furnishing and supplying the labor.

42. By exercising control over assets belonging to the Funds, the Individual Defendants are fiduciaries with respect to the Funds within the meaning of Section 3(21) of ERISA, 29 U.S.C.

Section 1002(21)(A). The Individual Defendants are fiduciaries with respect to the plan assets that they failed to timely pay into the Funds.

43. Upon information and belief, Individual Defendants owned, controlled and dominated the affairs of the Corporate Defendant and carried on the business of the Corporate Defendant for their own personal ends.

44. Upon information and belief, Individual Defendants had managerial discretion and control over Corporate Defendant, made all decisions on behalf of the Corporate Defendant, signed contracts governing the Corporate Defendant, signed bank checks for the Corporate Defendant, and made all decisions concerning payments by the Corporate Defendant.

45. Upon information and belief, Individual Defendants determined which creditors the Corporate Defendant would pay, determined when the Plaintiffs' Funds would be paid, determined how much money would be paid to the Plaintiffs' Funds, and exercised control over money due and owing to the Plaintiffs' Funds.

46. Upon information and belief, Individual Defendants commingled assets of the Plaintiffs' Funds with the Corporate Defendant's general assets and used the Plaintiffs' Funds' assets to pay other creditors of the Corporate Defendant rather than forwarding the assets to the Plaintiffs' Funds.

47. By failing and refusing to turn over to the Plaintiffs' Funds the contributions, which are property of the Funds, the Corporate Defendant and Individual Defendants have converted the property of the Funds.

48. Upon information and belief, while retaining Plaintiffs' Funds' contributions, Individual Defendants diverted the Plaintiffs' Funds' assets for their own personal use.

49. By withholding contributions from Plaintiffs' Plans, Individual Defendants are individually and personally liable for the violations of ERISA Section 404 described herein, 29 U.S.C. Section 1104.

50. By withholding the contributions from the Funds, Individual Defendants received and retained for their own personal use and benefit, monies which were rightfully assets of the Funds in violation of ERISA Section 404(a)(1)(A), 29 U.S.C. Section 1104(a)(1)(A).

51. By withholding the contributions from the Plaintiffs' Funds, Individual Defendants failed to abide by the instruments governing the Funds in violation of ERISA Section 404(a)(1)(D), 29 U.S.C. Section 1104(a)(1)(D).

52. As a result of the breaches of fiduciary duty described above, Individual Defendants are liable to the Funds for the amounts set forth herein which include contributions in the amount of $203,155, interest, liquidated damages and the costs and fees of collection and the Defendants must singly and jointly disgorge to the Funds said converted assets.

**WHEREFORE**, Plaintiffs respectfully pray for judgment against the Defendants as follows:

**On the First and Second Claim for Relief:**

(a) Damages in the minimum sum of $203,155 and continuing for unpaid contributions to the Funds and union dues in the amount of $27,000 plus interest and liquidated damages;

(b) Attorneys' fees, statutory damages, court costs, audit fees and disbursements incurred as set forth by the Policy for the Collection of Delinquent Contributions, in the Collective Bargaining Agreement, and as mandated by Section 502(g)(D) of ERISA, 29 U.S.C. Section 1132(g)(2)(D);

**On the Third Claim for Relief:**

(a) Damages in the amount of any additional contributions and/or delinquency charges which may become due and owing during the course of this action, which amount shall include the principal plus interest and liquidated damages;

**On the Fourth Claim for Relief:**

(a) A permanent injunction enjoining the Employer/Corporate Defendant, its officers, directors, agents, and representatives from violating the terms of this or successive Collective Bargaining Agreements and/or Declarations of Trust, as they relate to Plaintiffs herein, including but not limited to the reporting and paying of all fringe benefit contributions in a timely fashion;

**On the Fifth Claim for Relief as against the Individual Defendants:**

(a) Damages in the minimum sum of $203,155 and continuing for unpaid contributions to the Funds and union dues in the amount of $27,000 plus interest and liquidated damages;

(b) Attorneys' fees, statutory damages, court costs, audit fees and disbursements incurred as set forth by the Policy for the Collection of Delinquent Contributions, in the Collective Bargaining Agreement, and as mandated by Section 502(g)(D) of ERISA, 29 U.S.C. Section 1132(g)(2)(D);

**On All Claims for Relief:**

(a) For such other and further relief as the Court deems appropriate.

Dated: Hempstead, New York
June 8, 2017

Respectfully submitted,

BARNES, IACCARINO, & SHEPHERD, LLP

_____
Danielle M. Carney, Esq.
Attorneys for the Plaintiffs
3 Surrey Lane, Suite 200
Hempstead, NY 11550
(516) 483-2990